# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DEBRA FRANCIS,                )
                              )
        Plaintiff,            )
                              )
        v.                    )    No. 04 C 4344
                              )
TIMOTHY SNYDER,               )
                              )
        Defendant.            )

**MEMORANDUM OPINION**

Before the court is defendant's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). For the reasons stated below, the motion is denied.

**DISCUSSION**

On September 30, 2005, we entered summary judgment in plaintiff Debra Francis's favor on her claim that a collection letter she received from defendant Timothy Snyder violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* See Francis v. Snyder, 389 F.Supp.2d 1034 (N.D. Ill. 2005). We held that the letter contravened the Act in two ways: (i) its statutorily-required notice granting Francis 30 days to dispute the alleged debt was "overshadowed" by other language in violation of § 1692g, and (ii) it threatened a lawsuit that was legally baseless in violation of § 1692e(5).

Snyder has filed a motion seeking reconsideration of our

judgment pursuant to Fed. R. Civ. P. 59(e).[1]  Motions to reconsider brought under Rule 59(e) serve the limited function of correcting manifest errors of law, presenting newly discovered evidence, or alerting the court to an intervening change in the law.  See Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998).  The Rule "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment," LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995), or to "rehash" previously raised arguments.  Rosby Corp. v. Stoughton Trailers, Inc., 2004 WL 1462244, at *3 (N.D. Ill. June 28, 2004).  At a status hearing on October 12, 2005, we granted Snyder's request for additional time, until October 19, to supplement his motion.  We have not received any additional submissions, so we will rule on the motion papers that have been filed.

Snyder argues that in granting summary judgment for Francis on the "threat of litigation" claim, the court erred by "definitively rul[ing] on an open question of State Law." (Def.'s Mot., p. 1.)  We held that the letter's warning that "a bad check can be considered a violation of Illinois Statutes!" was an untenable threat of litigation because the statute that Snyder

---

[1] The Federal Rules of Civil Procedure do not recognize a motion to reconsider *in haec verba*, but the Seventh Circuit has made clear that a motion to reconsider a dispositive pretrial order may be filed under either Rule 59(e) or Rule 60(b).  See United States v. Deutsch, 981 F.2d 299, 300-01 (7th Cir. 1992).

claimed the letter referred to, 810 ILCS § 5/3-806, did not apply to Francis. Snyder's argument appears to be (it is all of one sentence) that it was improper for a *federal* court to rule on the scope of a *state* statute. This could not be more wrong. Federal courts are required to interpret and apply state law on substantive matters that are neither constitutional in nature nor involve federal laws, <u>see</u> <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and this principle applies to diversity and non-diversity cases alike. <u>See</u> <u>Commissioner of Internal Revenue v. Estate of Bosch</u>, 387 U.S. 456, 465, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967) (discussing the applicability of <u>Erie</u> to federal question cases considering state law issues); <u>FDIC v. Wabick</u>, 335 F.3d 620, 625 (7th Cir. 2003) ("[G]enerally speaking, the <u>Erie</u> doctrine applies to non-diversity cases where state law supplies the rule of decision."). Our evaluation of Francis's claim that the letter contained a groundless threat of litigation required us to interpret the Illinois statute, and it was not error to do so. Snyder's remaining allegations of error are simply restatements of arguments presented during the summary judgment proceedings. We carefully considered them then and will not revisit them here. Snyder's motion to reconsider is denied.

We had set the October 12 status hearing to discuss the issue of damages and now that we have denied Snyder's motion to reconsider, we can proceed. At the status, Francis's counsel

informed the court of her intention to seek statutory damages as well as costs and attorney's fees under 15 U.S.C. § 1692k. Francis may have until November 10, 2005 to file a motion regarding statutory damages under § 1692k and Snyder may have until November 17 to respond. The briefs are not to exceed five pages (one or two would be sufficient), and no reply will be needed. Francis is also entitled to reasonable costs and attorney's fees pursuant to § 1692k(a)(3). To assist the court in determining the proper amount of costs and fees to be awarded, the parties are directed to follow the procedures outlined in Local Rule 54.3, and if they are unable to reach agreement, shall submit the joint statement and fee motion called for by Rule 54.3(e) and (f) no later than December 5, 2005.

DATE:   November 3, 2005

ENTER:  _____
John F. Grady, United States District Judge