# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DEBRA FRANCIS, | ) |
| Plaintiff, | ) |
| v. | ) No. 04 C 4344 |
| TIMOTHY SNYDER, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Pending before the court are two motions. For the reasons stated below, plaintiff's motion for an award of statutory damages is granted, and plaintiff's petition for attorney's fees and expenses is granted in part and denied in part.

**BACKGROUND**

In this case, we entered summary judgment in plaintiff's favor on her claim that a collection letter she received from defendant Timothy Snyder violated the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 et seq. See Francis v. Snyder, 389 F. Supp. 2d 1034 (N.D. Ill. 2005). Thereafter, Snyder filed a motion seeking reconsideration of our judgment. We denied that motion. Because plaintiff's counsel had informed the court of plaintiff's intention to seek statutory damages as well as attorney's fees and costs pursuant to 15 U.S.C. § 1692k, we gave plaintiff leave to file a motion regarding statutory damages and directed the parties

to follow the procedures outlined in Local Rule 54.3 as to attorney's fees and costs.

**DISCUSSION**

**A.  Statutory Damages**

Under the FDCPA, "any debt collector who fails to comply with [the statute] with respect to any person is liable to such person in an amount equal to the sum of . . . [plaintiff's actual damages and,] in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 . . . ." 15 U.S.C. § 1692k(a)(1), (2). Plaintiff seeks statutory damages in the amount of $1,000.00. Defendant failed to respond to plaintiff's motion. 15 U.S.C. § 1692k(b)(1) provides that in determining the amount of liability under § 1692k(a), the court shall consider, among other relevant factors, the frequency, persistence, and nature of the noncompliance and the extent to which such noncompliance was intentional.

In our ruling on the parties' cross-motions for summary judgment, we held that the letter defendant sent to plaintiff contravened the FDCPA in not just one, but two ways: (1) its statutorily-required notice granting plaintiff thirty days to dispute the alleged debt was "overshadowed" by other language in violation of § 1692g; and (2) it threatened a lawsuit that was legally baseless in violation of § 1692e(5). Although there is no direct evidence that defendant intentionally violated the FDCPA, we

can infer such intent from defendant's choice to include confusing language along with the statutorily-required notices, as well as from the groundless threat of litigation. Our conclusion is strengthened by the fact that defendant, who is an attorney, chose not to use the language of the "safe harbor" debt collection letter that was created by the Seventh Circuit in <u>Bartlett v. Heibl</u>, 128 F.3d 497, 501-02 (7th Cir. 1997). The Court warned in <u>Bartlett</u>: "We cannot require debt collectors to use 'our' form. But of course if they depart from it, they do so at their risk. Debt collectors who want to avoid suits by disgruntled debtors standing on their statutory rights would be well advised to stick close to the form that we have drafted. It will be a safe haven for them, at least in the Seventh Circuit." 128 F.3d at 502.

Accordingly, and in order to encourage future compliance with the FDCPA, we believe that an award of statutory damages in the amount of $1,000.00 is appropriate.

**B.  Attorney's Fees and Costs**

Plaintiff has brought a "successful action" under the FDCPA and is thus entitled to an award of "reasonable" attorney's fees and costs. 15 U.S.C. § 1692k(a)(3); <u>see also</u> <u>Zagorski v. Midwest Billing Servs., Inc.</u>, 128 F.3d 1164, 1166 (7th Cir. 1997).

We directed the parties to confer pursuant to Local Rule 54.3 in an attempt to agree on an amount of reasonable attorney's fees and costs and, in the event that they were unable to reach

agreement, to submit the joint statement and fee motion called for by the Rule. The parties were unable to reach agreement, and plaintiff has filed a fee petition seeking an award of $11,749.50 in attorney's fees and $1,449.38 in costs.

"Rule 54.3 was adopted by the district court as a means of reducing the time spent on fee disputes. The Rule has been remarkably successful because it compels the parties to come to grips with specific objections to specific aspects of the movant's claim for fees, as opposed to simply jousting in generalities. The usual result of the process is that, if the parties are unable to reach agreement, the court is presented with discrete objections to specific items in the fee petition that can be ruled upon with relative despatch." Sears, Roebuck & Co. v. Menard, Inc., No. 01 C 9843, 2004 WL 2423964, at *1 (N.D. Ill. Sept. 23, 2004).

Unfortunately, obtaining defendant's compliance with Rule 54.3 in this case was like pulling teeth. Defendant's initial response to plaintiff's fee petition consisted of a two-page brief that was far too general. For example, defendant argued that "[p]laintiff's claim for attorneys fees bears no relation to . . . the realities of what work was actually performed in the case," with no elaboration whatsoever. (Defendant's Response to Plaintiff's Motion for Attorneys Fees at 2.)

After plaintiff filed a detailed reply, defendant then filed--without leave of court--a "rejoinder" to the reply that is nearly

as vague and general as defendant's initial brief. Plaintiff then filed a motion to strike the rejoinder. We denied the motion to strike and indicated we would consider the motion to be a response to the rejoinder. In light of plaintiff's argument that defendant's objections to the fees and costs were too general, and defendant's desire to file an additional submission, we also gave defendant one more opportunity to amend his objections, and gave plaintiff an opportunity to reply to those amended objections. It was only on this third briefing attempt that defendant finally made sufficiently specific objections to specific items in plaintiff's fee petition.

Before addressing the areas of disagreement, we will discuss the burden of persuasion. We are required to apply the rule set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433, 437 (1983):

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.
> . . .
> A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee. Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise "billing judgment" with respect to hours worked, . . . and should maintain billing time

records in a manner that will enable a reviewing court to identify distinct claims.

Plaintiff is represented by the firm of Edelman, Combs, Latturner & Goodwin, LLC ("Edelman"). The principal attorney on the case for Edelman is Thomas Soule, who performed the vast majority of the legal work. His hourly billing rate is $190.00. Defendant objects to this rate, but fails to suggest an appropriate alternative rate. Defendant bases his objection on the fact that Mr. Soule graduated from law school in 2003 and thus has little experience.

Defendant's objection to Mr. Soule's hourly rate is overruled. The services in this case were of such a nature that they could reasonably be performed by a less experienced attorney, and the Edelman firm appropriately assigned Mr. Soule to the case rather than an overqualified attorney. We have reviewed the materials submitted by plaintiff regarding market rates and fees that were approved in similar cases and are satisfied that Mr. Soule's hourly rate of $190.00 is reasonable.

One of defendant's primary objections to Edelman's fees is that a number of time entries "lump together" different activities and fail to indicate how much time was spent on each discrete task. This is known as "block billing," where the attorney simply lists a string of tasks performed on a particular day and the total time spent on them, without indicating how much time was spent on each

of the tasks. Time records prepared in this manner clearly do not satisfy the documentation requirements of Hensley. As we remarked in Bretford Manufacturing v. Smith System Manufacturing, No. 98 C 287, 2006 WL 643416, at *1 (N.D. Ill. Mar. 10, 2006):

> The Seventh Circuit has made it very clear that a fee applicant must show the time spent on specific tasks rather than simply the total time spent on a bundle of tasks. In Tomazzoli v. Sheedy, 804 F.2d 93 (7th Cir. 1986), the Court affirmed the action of the trial court in reducing the fees requested by the applicant, noting, among other things, that many of the time entries gave only vague descriptions of the legal research done and, "[f]urther, the total numbers of hours attributable to research alone is uncertain; in some instances [the attorney] lists 'research' along with other tasks performed and gives but a single total for the combined work." Id. at 98. Other courts have made similar observations. See, e.g., Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998) ("[A] district court may discount requested attorney hours if the attorney fails to keep 'meticulous, contemporaneous time records' that reveal 'all hours for which compensation is requested and how those hours were allotted to specific tasks.'"); Role Models Am., Inc. v. Brownlee, 353 F.3d 962, 971 (D.C. Cir. 2004) (commenting that when time records "lump together multiple tasks," it is "impossible to evaluate their reasonableness"); Kaiser v. MEPC Am. Props., Inc., 518 N.E.2d 424, 429-30 (Ill. App. Ct. 1987).

There are multiple time entries by Edelman attorneys that employ block billing: (1) a .4 hour entry by James Latturner ("work on complaint; conf[erence] dae; cmc. OK") and (2) several entries by Thomas Soule totaling 21.2 hours (two examples are 3.0 hours for "motion to strike motions to dismiss, conf[erence] DAE/TLG/MRT, discuss svce with JG3, and 3.3 hours for "edits and assist in filing of cross-motion; call from defendant re xmot; conf

CMC/MRT"). Without some indication of how much time was spent on each individual task, we have no way of determining whether the time spent was reasonable. Accordingly, plaintiff will be disallowed fees with respect to the .4 hour by Mr. Latturner and the 22.2 hours by Mr. Soule, which totals $170.00 attributable to Mr. Latturner and $4,218.00 attributable to Mr. Soule, for a total of $4,388.00 in disallowed attorney's fees.

Defendant also objects to fees that are sought in relation to work performed by legal assistants Jeffrey Becker, Jeff Griffin, Jason Kunowski, and Melissa DeJesus. "The relevant inquiry for requested paralegal fees is whether the work was sufficiently complex to justify the efforts of a paralegal, as opposed to an employee at the next rung lower on the pay-scale ladder. Accordingly, the district court should disallow time spent on what are essentially clerical or secretarial tasks." Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 553 (7th Cir. 1999) (internal quotation marks and citation omitted).

Defendant contends that the time entries indicate that the legal assistants' work was secretarial or clerical and thus not recoverable. With the exception of one time entry by Jeff Griffin of .6 hour for drafting discovery, we agree. The remainder of the legal assistants' time entries are for such administrative tasks as assembling filings, electronically filing documents, sending materials, docketing or "logging" case events into an internal case

tracking system, and telephoning court reporters. (In addition, many of the legal assistants' time entries are impermissibly vague, such as .2 hour for "chk req" and .1 hour for "lien, log." One .3 hour entry by Jeff Griffin simply states "rfa"; Mr. Soule contends that "rfa" stands for "requests for admission," but it is unclear from the vague entry whether Mr. Griffin was preparing those requests or merely assembling and sending them.) We will disallow time spent on clerical (and/or vaguely-billed) tasks by the legal assistants, which totals .2 hour at $105.00/hr by Jeffrey Becker, 14.4 hours at $100.00/hr by Jeff Griffin, 2.0 hr at $100.00/hr by Jason Kunowski, and .4 hr at $100.00/hr by Melissa DeJesus, for a total of $1,701.00 in disallowed paralegal fees.

The remainder of defendant's objections to plaintiff's fees are without merit and do not require discussion, and the remainder of plaintiff's claimed attorney's fees appear reasonable. Thus, of the $11,749.50 of claimed attorney's fees, we will disallow $6,089.00 ($4,388.00 plus $1,701.00), leaving $5,660.50 in allowed reasonable attorney's fees.

As for plaintiff's costs, which total $1,449.38, defendant raises one meritorious objection to copying costs, which total $523.75: plaintiff provides no information regarding what was being copied or for what reason, or how many copies were made. There is a long list of expenses, and each entry for copying merely states "copying." Plaintiff maintains that it is possible to deduce from

the events of the case what likely was being copied at a particular time, but we need not and will not wade through each copying entry. While plaintiff is not required "to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs," she is required "to provide the best breakdown obtainable from retained records." Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co., 924 F.2d 633, 643 (7th Cir. 1991). In other words, plaintiff, not this court, is required to do the work of correlating the copying charges with the events of the case. Because plaintiff's copying entries are too vague, but because some copying was necessary in this case, we will reduce the claimed copying expenses by half. Therefore, $261.87 in copying charges will be disallowed.

The remainder of defendant's objections to plaintiff's costs are without merit, and the remainder of plaintiff's costs appear reasonable. Accordingly, plaintiff will be awarded costs of $1,449.38 minus $261.87, or $1,187.51.

## CONCLUSION

Plaintiff's motion for an award of statutory damages is granted, and plaintiff's petition for attorney's fees and costs is granted in part and denied in part.

Pursuant to § 1692k of the Fair Debt Collection Practices Act, plaintiff is awarded statutory damages of $1,000.00, attorney's fees of $5,660.50, and costs of $1,187.51.

DATE:       May 4, 2006

ENTER:      _____

            John F. Grady, United States District Judge